**In re Martha Alberta MILLER, Debtor.**

**No. 4:08–bk–14214.**

United States Bankruptcy Court, E.D. Arkansas, Little Rock Division.

Feb. 14, 2011.

As Amended Feb. 17, 2011.

John Alexander Flynn, Flynn Law Firm, Cabot, AR, for Debtor.

## ORDER

JAMES G. MIXON, Bankruptcy Judge.

On July 14, 2008, Martha Miller (Debtor) filed a voluntary petition for relief under Chapter 13 of the United States Bankruptcy Code. On June 25, 2010, the Debtor filed a *Motion to Compromise Controversy with Marilyn Hill* regarding a personal injury settlement that arose out of a pre-petition motor vehicle accident. The matter was heard on July 21, 2010, and the settlement was approved. The net proceeds, including Carter Health Center's lien claim, were ordered paid to the Chapter 13 trustee pending further order of the Court.[1] Carter Health Center was given 60 days to prove their lien status in order to be paid out of the settlement proceeds.

On August 11, 2010, Carter Health Center filed a claim in the amount of $610.00 and attached an *Affidavit & Notice of Medical Lien*. The Debtor objected to the claim on October 5, 2010, alleging the claim is void because it was perfected in violation of the automatic stay. The Debtor filed a *Motion for Partial Refund and for Application of Remaining Funds from Previously Approved Settlement to Plan* on October 6, 2010. This motion asked for a refund of $1,500.00 and that the remainder of the funds be disbursed through the plan. Carter Health Center

---

1. The Debtor throughout her pleadings refers to Carter Health Center as Carter Chiropractic. This is a distinction without meaning.

filed a letter objection to the motion for refund. The objection to claim, the motion for refund, and the objection to refund were all heard on November 18, 2010. The Court granted the $1,500.00 refund, ordered the Trustee to hold $610.00 pending the determination of Carter Health Center's claim status, and the remaining funds were ordered to be disbursed through the plan. The determination of Carter Health Center's claim was taken under advisement.

The Court has jurisdiction under 28 U.S.C. § 157 and § 1334. The pending matter is a core proceedings pursuant to 28 U.S.C. § 157(b)(2)(B) and the Court may enter a final judgment in the case.

## I. FACTS

The facts are undisputed. Carter Health Center provided $610.00 worth of pre-petition medical services to the Debtor. In January 18, 2008, Carter Health Center filed a copy of their affidavit and notice of medical lien with the clerk of circuit court of Pulaski County, which indicated that service was obtained on the tortfeasor and the insurer. On July 14, 2009, 178 days later, the petition for bankruptcy was filed. Carter Health Center re-filed their lien with the clerk of the circuit court on August 18, 2008; February 6, 2009; October, 9, 2009; and on February 1, 2010.

## II. ARGUMENT

The Debtor argues that Carter Health Center has no lien because the lien was filed post petition in violation of the automatic stay and, therefore, the lien is void. In the alternative, the Debtor argues if the filing of the lien was authorized as a continuation of the pre-petition lien, then the October 9, 2009 filing would end the chain since it was over 180 days after the previous filing and the lien is unperfected.

Carter Health Center argues they had a perfected lien because they filed in accordance with Arkansas law.

## III. DISCUSSION

■■■ The general rule is that the parties' rights in the debtor's property are determined as of the time of the bankruptcy filing. 11 U.S.C. § 541(a); *Williams v. Weems (In re Ken Gardner Ford Sales, Inc.),* 41 B.R. 105, 111 (Bankr.E.D.Tenn.1984)(citing 4 Collier on Bankruptcy 541.04 (15th ed. 1983)). The validity and perfection of security interests in bankruptcy are governed by state law. *Butner v. U.S.,* 440 U.S. 48, 54, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979).

The general applicable law in question is the Medical, Nursing, Hospital, and Ambulance Service Lien Act found in Arkansas Code Annotated §§ 18–46–101 through 18–46–117. This statute states in relevant part that, in order to establish a lien,

> [t]he practitioner ... provider shall serve on the patient a written notice of his or her claim of lien and shall serve a copy of that notice on the tortfeasor or on the insurer.... He or she shall file a copy of the notice so served in the office of the clerk of the circuit court in the county in which his or her professional ... service has been ... rendered.

Ark.Code Ann. § 18–46–105(1)(A) (Michie 2003). The statute also provides that,

> [i]f at the expiration of one hundred eighty (180) days immediately following the day on which the most recent notice, amendatory notice, or supplementary notice of a claim of lien was filed in the office of the clerk of the circuit court ... the lien remains unsatisfied and unreleased, and no suit ... to enforce that lien is pending in any court, then the lien shall be void and of no effect.

Ark.Code Ann. § 18–46–106(a) (Michie 2003).

The filing of a bankruptcy petition stays "any act to create, perfect, or enforce any lien against property of the estate." 11 U.S.C. § 362(a)(4). On the other hand, "any act to perfect, or to maintain or continue the perfection of, an interest in property to the extent that the trustee's rights and powers are subject to such perfection under section 546(b)" is not stayed. 11 U.S.C. § 362(b)(3).

11 U.S.C. § 546(b) provides in relevant part that,

[t]he rights and powers of a trustee under §§ 544, 545, and 549 of this title are subject to any generally applicable law that ... provides for the maintenance or continuation of perfection of an interest in property to be effective against an entity that acquires rights in such property before the date on which action is taken to effect such maintenance or continuation.

If a law ... requires ... commencement of an action to accomplish such perfection, or maintenance or continuation of perfection of an interest in property; and such property has not been commenced before the date of the filing of petition; such interest in such property shall be perfected, or perfection of such interest shall be maintained or continued, by giving notice within the time fixed by such law for such seizure or such commencement.

 The 1994 Bankruptcy Reform Act expanded the scope of § 546(b) to include an act to maintain or continue perfection of a security interest. *Schafer v. Kitchen (In re Orndorff Construction, Inc.)*, 394 B.R. 372, 376 (Bankr.M.D.N.C.2008) (citations omitted). According to the legislative history, 546(b) was intended to apply to acts necessary to maintain or continue the perfection of an interest held by a secured

creditor under the UCC. *Concrete Structures, Inc. v. Tidewater Crane and Rigging Co. (In re Concrete Structures, Inc.)*, 261 B.R. 627, 638 (E.D.Va.2001). Accordingly, 11 U.S.C. § 362(b)(3) and § 546(b) allow the filing of continuation statements so that the creditor may maintain their perfection. 5 Collier on Bankruptcy 546.03[5] (Alan N. Resnick & Henry J. Sommer eds., 16th ed).

 11 U.S.C. § 108(c) provides that:

if applicable nonbankruptcy law ... fixed a period for commencing or continuing a civil action in a court other than a bankruptcy court on a claim against the debtor ... and such a period has not expired before the date of the filing of the petition, then such period does not expire until ... 30 days after notice of the termination or expiration of the stay ... with respect to such claim.

11 U.S.C. § 108(c) applies when a creditor is prohibited from taking an action to enforce his or her rights and it extends the life of those rights. *LBM v. 201 Forest Street, LLC (In re 201 Forest Street, LLC)* 422 B.R. 888, 895 (1st Cir. BAP 2010). "The purpose of section 108(c) is to prevent a debtor from taking advantage of the bankruptcy scheme by filing for bankruptcy and then waiting for the statute of limitations to run on the creditor's claim." *Hazen First State Bank v. Speight*, 888 F.2d 574, 577 (8th Cir.1989). Courts have generally held that 108(c) applies to time periods within which a creditor must bring an action to enforce a lien or the lien expires. 2 Collier on Bankruptcy 108.04 (Alan N. Resnick & Henry J. Sommer eds., 15th ed. rev. 2009).

The question becomes, is commencement of the enforcement action part of the perfection process. If it is part of the perfection process, the action is not stayed pursuant to 11 U.S.C. § 362(b)(3) and pur-

suant to § 546(b) Carter Health Center was required to give notice. If the enforcement action is not part of the perfection process, then 11 U.S.C. § 362(a)(4) stays the act and § 108(c) applies, thereby tolling the action.

## IV. ANALYSIS

 Perfection of a medical lien is covered by Arkansas Code Annotated § 18–46–105. Perfection is complete once notice of a claim of lien is served and filed. No additional steps need to be taken. Arkansas Code Annotated § 18–46–106(a) sets forth a limitations periods in which the lien holder must file suit to collect on a previously perfected lien and as such is a statute of limitations rather than an aspect of the perfection process. See *In re WorldCom, Inc.* 362 B.R. 96, 108 (2007); *In re Concrete Structures, Inc.,* 261 B.R. 627 (E.D.Va.2001). Because § 18–46–106(a) is a limitations statute and deals with the enforcement of a lien, 11 U.S.C. § 362(b)(3) and § 546(b) do not apply. Rather, the action of enforcement is stayed pursuant to § 362(a)(4).

■ Carter Health Center attempted to continue their perfection by filing their notice of medical lien after the bankruptcy petition was filed. Pursuant to 11 U.S.C. § 362(b)(3) and § 546(b), this was not a violation of the automatic stay. It was an attempt to maintain perfection; the act was simply misplaced. However, "nothing in the Bankruptcy Code mandates that a failed attempt to extend the enforcement period somehow revokes the availability of § 108(c)." *LBM Financial, LLC v. 201 Forest Street, LLC (201 Forest Street, LLC),* 422 B.R. 888, 894 n. 8 (1st Cir. BAP 2010).

11 U.S.C. § 362(a)(4) prevents Carter Health Center from enforcing their lien and 108(c) applies, tolling the time period for enforcing the lien. See *Morton v. National Bank of NYC (In re Morton),* 866 F.2d 561, 566 (2nd Cir.1989). Carter Health Center has until 30 days after notice of relief from the stay to file an action to enforce their lien, thereby preserving their lien while in bankruptcy.

## V. CONCLUSION

Based on the foregoing, Carter Health Center has a valid medical lien. The objection to the claim in overruled and the Trustee shall pay Carter Health Center $610.00.

IT IS SO ORDERED.